ZECCA, ET VIR *v.* CLAUS

[No. 348, September Term, 1966.]

*Decided June 1, 1967.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, OPPENHEIMER, McWILLIAMS and FINAN, JJ.

*Edward L. Foster* for appellants.

*Richard B. Latham,* with whom were *McInerney, Latham & Layne* on the brief, for appellee.

PER CURIAM.

The jury found for the driver of an automobile in the suit of a passenger for damages which resulted when the car skidded off an icy road and struck a tree. The passenger, on appeal,

claimed in her brief (1) that the jury disregarded the evidence and the weight of the evidence, (2) that the jury failed to follow the court's instructions in regard to § 211 (a), (e) of Art. 66½ of the Code relating to reasonable and prudent speed under existing conditions and the duty to decrease speed when special hazards exist, (3) error in the trial judge's refusal to permit a police officer to give his opinion as to the cause of the accident, and (4) error in permitting counsel for the driver to read into evidence parts of the deposition of the passenger. Assignments of error one and two were abandoned at the argument because they related to findings of fact by the jury, the trier of fact, which this Court does not review.

We find no error in the refusal to receive the opinion of the police officer as to the cause of the accident. No actual prejudice is shown or is discernible. The judge did not give his reasons for refusing to admit the policeman's opinion and no proffer was made as to what the opinion would be. Appellant has offered nothing to persuade us that the trial judge abused his discretion either in determining that the qualifications of the witness had not been established or in refusing to receive his testimony.

There was no error in allowing counsel for appellee to read into evidence part of the deposition given by the appellant. Under Maryland Rule 413 (a) 2 the deposition of a party may be used by an adverse party "for any purpose." *Snowhite v. State,* 243 Md. 291, held that the deposition of an adverse party could be used as substantive evidence even though the deponent was in court and available as a witness, subject only to the limitation of Rule 413 (a) that it may be used only "so far as admissible under the rules of evidence." This holding was followed in *Bauman v. Woodfield,* 244 Md. 207.

*Judgment affirmed, with costs.*